**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**Case No. 21-cv-21517-BLOOM/Otazo-Reyes**

AMERICAN GENERAL LIFE
INSURANCE COMPANY,

    Plaintiff,

v.

YESSIRA USECHE,

    Defendant.

_____/

**ORDER ON MOTION FOR DEFAULT FINAL JUDGMENT**

**THIS CAUSE** is before the Court upon Plaintiff American General Life Insurance Company's ("American General" or "Plaintiff") Motion for Default Final Judgment against Defendant Yessira Useche ("Defendant"), ECF No. [10] (the "Motion"), filed on May 26, 2021. A clerk's default was entered against Defendant on May 21, 2021, ECF No. [8], because Defendant failed to answer or otherwise plead to the Complaint, despite having been served. *See* ECF No. [6]. The Court has carefully considered the Motion, the record in this case and the applicable law, and is otherwise fully advised. For the reasons that follow, Plaintiff's Motion is granted.

    **I.**    **BACKGROUND**

This is a declaratory judgment action in which American General seeks a judicial rescission of a life insurance policy issued to Defendant based on material misrepresentations in the application for the policy. American General began this litigation by filing its Complaint on April 20, 2021. ECF No. [1]. Defendant was personally served with a copy of the Complaint and summons on April 28, 2021. *See* ECF No. [6]. The deadline for Defendant to appear and file an answer or other responsive pleading was May 19, 2021. Fed. R. Civ. P. 12(a)(1)(A)(i). The Clerk

entered default on May 21, 2021. ECF No. [8]. To date, Defendant has failed to plead or otherwise defend the above action as required.

American General issued life insurance policy no. 4190134354 ("Policy"), insuring the life of Defendant Yessira Useche for $1,000,000.00. The issuance of the policy was induced by misrepresentations regarding Defendant's health and medical history. Under the Policy's terms, American General has rescinded the Policy and refunded all premium payments to Defendant. American General seeks a judgment declaring that the Policy is null, void, and rescinded, *ab initio*, and that no insurance was ever in effect.

## II.     LEGAL STANDARD

Under to Federal Rule of Civil Procedure 55(b), the Court may enter a final judgment of default against a party who has failed to plead in response to a complaint. This Circuit maintains a "strong policy of determining cases on their merits and we therefore view defaults with disfavor." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003). But default judgment is entirely appropriate and within the district court's sound discretion to render where the defendant has failed to defend or otherwise engage in the proceedings. *See*, *e.g.*, *Tara Prods., Inc. v. Hollywood Gadgets, Inc.*, 449 F. App'x 908, 910 (11th Cir. 2011); *Dawkins v. Glover*, 308 F. App'x 394, 395 (11th Cir. 2009); *In re Knight*, 833 F.2d 1515, 1516 (11th Cir. 1987); *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985); *Pepsico, Inc. v. Distribuidora La Matagalpa, Inc.*, 510 F. Supp. 2d 1110, 1113 (S.D. Fla. 2007); *see also Owens v. Benton*, 190 F. App'x 762 (11th Cir. 2006) (default judgment within district court's discretion).

A defendant's "failure to appear and the Clerk's subsequent entry of default against him do[es] not automatically entitle Plaintiff to a default judgment." *Capitol Records v. Carmichael*, 508 F. Supp. 2d 1079, 1083 (S.D. Ala. 2007). A default is not "an absolute confession by the

defendant of his liability and of the plaintiff's right to recover," *Pitts ex rel. Pitts v. Seneca Sports, Inc.*, 321 F. Supp. 2d 1353, 1357 (S.D. Ga. 2004), but instead acts as an admission by the defaulted defendant as to the well-pleaded allegations of fact in the complaint. *See Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) ("A defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.") (citations omitted); *Descent v. Kolitsidas*, 396 F. Supp. 2d 1315, 1316 (M.D. Fla. 2005) ("the defendants' default notwithstanding, the plaintiff is entitled to a default judgment only if the complaint states a claim for relief"); *GMAC Com. Mortg. Corp. v. Maitland Hotel Assocs., Ltd.*, 218 F. Supp. 2d 1355, 1359 (M.D. Fla. 2002) (default judgment is appropriate only if court finds sufficient basis in pleadings for judgment to be entered, and that complaint states a claim). Put differently, "a default judgment cannot stand on a complaint that fails to state a claim." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997). Thus, before granting default judgment, "the district court must ensure that the well-pleaded allegations of the complaint . . . actually state a cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007).

Rule 55(a) of the Federal Rules of Civil Procedures provides that a default judgment is warranted against a party who fails to plead or otherwise defend itself against allegations in a well-pleaded complaint. Fed. R. Civ. P. 55(a). It is undisputed that Defendant has failed to appear, plead or otherwise defend herself against the well-pleaded allegations in American General's Complaint.

American General does not seek an award of damages against Defendant. Rather, under the Federal Declaratory Judgment Statute, 28 U.S.C. § 2201, American General seeks a

declaratory judgment that (i) the Policy is null, void, and rescinded, *ab initio*, and that no insurance was ever in effect; and (ii) American General has no further obligations under the Policy.

### III. DISCUSSION

Because the Clerk entered default against Defendant, the allegations against Defendant in American General's Complaint, including, but not limited to, those set forth below, are deemed admitted.

American General is, and during all relevant times has been, in the business of underwriting and issuing policies of life insurance and is authorized to transact the business of insurance in the State of Florida. This action arises from the Policy. To induce American General to issue the Policy, Defendant submitted an application to American General on or about September 24, 2019 ("Application"). Defendant executed the Application on or about that same date while in Miami-Dade County, Florida.

Part B of the Application required Defendant to make disclosures and representations about her medical history. This included information related to any diagnoses of or treatment for certain physical and mental medical issues and disorders, use of prescription medications, and hospitalizations.

By executing the Application, Defendant made the following acknowledgment:

> I, the Primary Proposed Insured (and any Owner signing below) acknowledge that I have read the statements contained in this application and any attachments or they have been read to me. My answers to the questions in this application are true and complete to the best of my knowledge and belief. I understand that this Application: (1) consists of Part A, Part B, and if applicable, related attachments including certain questionnaire(s), supplement(s) and addendum(s); and (2) is the basis for any policy and any rider(s) issued. … **I understand that any misrepresentation contained in this application and relied on by the Company may be used to reduce or deny a claim or void the policy if: (1) such misrepresentation materially affects the acceptance of the risk; and (2) the policy is within its contestable period.**

Application, Part B (emphasis added).

> By executing Part A of the Application, Defendant made the following acknowledgment:
>
> Except as may be provided in any Limited Temporary Life Insurance Agreement ("LTLIA"), I understand and agree that even if I paid a premium, no insurance will be in effect under this application or under any new policy or any rider(s) that may be issued by the Company unless or until all three of the following conditions are met: (1) the policy has been delivered and accepted; (2) the full first modal premium for the policy has been paid; and (3) there has been no change in the health of any Proposed Insured(s) that would change the answer to any question in the application before items (1) and (2) in this paragraph have occurred. I understand and agree that, if all three conditions above are not met (1) no insurance will be in effect; and (2) **the Company's liability will be limited to a refund of any premiums paid**, regardless of whether loss occurs before premiums are refunded.

Application, Part A (emphasis added).

American General received Defendant's executed Application. It then relied on Defendant's answers in it to determine whether to issue the Policy and in assessing the risk it would accept by doing so. American General also relied on Defendant's representations in determining the appropriate or applicable charges to assess Defendant for insurance premiums. American General issued the Policy and delivered it to Defendant in Miami-Dade County, Florida.

After the Policy was issued, American General learned for the first time that Defendant had failed to disclose certain medical diagnoses, treatments, and conditions which should have been disclosed during the application process, including the execution of the Application. These misrepresentations were material to American General's decision to issue the Policy. If Defendant had provided full and accurate disclosures in the Application, American General would not have issued the Policy at all, or only would have done so under materially different terms. Defendant's failure to disclose her true health history was material to American General's determination of the risk insured by the Policy.

American General gave written notice to Defendant on or about July 23, 2020 that it was rescinding the Policy. The notice explained the reasons why the Policy was rescinded. American General provided additional written notices to Defendant about the rescission. American General also provided Defendant with a check made payable to Defendant in the amount of $329.30, which represented a refund of all premiums paid for the Policy.

Upon a review of American General's submissions, the Court finds a sufficient basis in the Complaint to enter default judgment in its favor. Because Defendant has not appeared, "all of Plaintiff's well-pled allegations in the Complaint are deemed admitted." *Ordonez v. Icon Sky Holdings LLC*, No. 10-60156-CIV, 2011 WL 3843890, at *5 (S.D. Fla. Aug. 30, 2011) (citing *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987)). Having reviewed the Complaint, the Court finds American General's allegations well-pled and sufficient to establish a right to the relief requested therein. By defaulting, Defendant has admitted the truth of the allegations, and accordingly the Court finds that American General has established its claim against Defendant.

The Policy is void *ab initio* because Defendant knowingly made material misrepresentations to American General about her medical history and health. "Florida law . . . gives an insurer the unilateral right to rescind its insurance policy on the basis of misrepresentation in the application of insurance." *Moustafa v. Omega Ins. Co.*, 201 So. 3d 710, 714 (Fla. 4th DCA 2016) (citing *Gonzalez v. Eagle Ins. Co.*, 948 So. 2d 1, 2 (Fla. 3d DCA 2006)). "Misrepresentations related to an insured's medical history or condition obviously affect an insurer's risk in issuing a life insurance policy and may be found to be material as a matter of law." *Henri v. Transam. Premier Life Ins. Co.*, No. 18-22909-CIV, 2019 WL 8275244, at *4 (S.D. Fla. July 17, 2019). American General is entitled to rescind the Policy under Florida's Insurance Code. *See* Fla. Stat. § 627.409 (insurer may rescind life insurance policies for misrepresentations in policy applications

where the misrepresentations are material to the risk assumed by the insurer, or the insurer in good faith would not have issued the policy at the same premium rate, or at all, had it known the true facts). As a result, American General properly rescinded the Policy by sending notice of rescission and refunding the premiums paid on the Policy.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Motion, **ECF No. [10]**, is **GRANTED.**
2. The Court will enter final judgment in accordance with Rule 58 of the Federal Rules of Civil Procedure by separate order.

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 28, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Yessira Useche
7601 E. Treasure Drive
Apartment 1710
Miami Beach, FL 33141